**SO ORDERED.**

**SIGNED this 05 day of August, 2008.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THEO CHRISTOPHER CARLIN, | ) | Case No. 07-11590 |
| | ) | Chapter 7 |
| Debtor. | ) | |

## MEMORANDUM OPINION

Before the Court is Debtor's Motion for Avoidance of Judicial Lien on Exempt Property, filed on January 2, 2008 and subsequently amended on April 4, 2008. (Docs. 35 and 49, respectively). Debtor seeks to avoid a judgment lien that may affix to his homestead pursuant to 11 U.S.C. § 522(f)(1)(A).[1]

The Court heard evidence on May 13, 2008. Debtor appeared in person and by counsel,

---

[1] All further statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, unless otherwise noted.

1

Edward J. Nazar. Petitioning Creditor Michael Huyghe ("Huyghe"), appeared by counsel, Elizabeth A. Carson. Debtor testified, and Exhibits 1-4, 6-8, and A-C were admitted. After careful review of the evidence and the parties' post-hearing briefs, the Court is ready to rule.

**I.     Jurisdiction**

Debtor proceeds under §522(f)(1)(A) of the Bankruptcy Code. This contested matter involves the validity and enforceability of a lien and bears directly upon the debtor-creditor relationship of the parties. Thus, this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O), and this Court has jurisdiction over these motions pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2).

**II.    Findings of Fact**

On July 2, 2007, Huyghe commenced an involuntary Chapter 7 bankruptcy action against Debtor, asserting a claim of $234,020.92. Debtor consented to the requested relief and filed a voluntary Chapter 7 petition on September 13, 2007.

Huyghe's claim is based on an Asset Purchase Contract dated May 6, 1999, for the sale of Huyghe's business, M.H. Billet, Inc. d/b/a Custom Cycle Designs, to Debtor's company, TC Enterprises, Inc. for $390,000.00.[2] Debtor guarantied the performance of this contract. Debtor's company subsequently defaulted and on June 25, 1999, filed for Chapter 7 bankruptcy in the Southern District of Florida. Huyghe sued Debtor on his guaranty in Florida state court and, on June 26, 2001, obtained a default judgment against Debtor (the "Florida Judgment"). On July 31, 2001, Huyghe's Florida counsel, Michelle C. Frigola, purported to record the Florida Judgment in the office of the Register of Deeds for Morris County, Kansas. Then, on November 7, 2001, Florida

---

[2] Both M.H. Billet, Inc. and TC Enterprises, Inc. are Florida corporations.

2

counsel filed the judgment in the office of the Clerk of the District Court of Morris County, where it was docketed as Case No. 01 C 16. On January 22, 2002, Ms. Frigola filed an Affidavit of Default Final Judgment in the Morris County District Court. Ms. Frigola is not and has never been licensed to practice law in the state of Kansas. No actions to enforce the judgment lien in Case No. 01 C 16 have been undertaken.

In March 2006, Huyghe's Kansas counsel, Eric D. Bruce, filed a Notice of Filing of Foreign Judgment and an Affidavit of Judgment Creditor with the Clerk of the District Court for Morris County on behalf of Huyghe.[3] The Morris County Court docketed this filing as Case No. 06 MV 08. Huyghe has conducted a hearing in aid of execution and has run a garnishment under this case number.

In late 2003 or early 2004, Debtor and his non-debtor wife, Louise Carlin, moved their residence to their lake cabin on Council Grove City Lake (the "Property").[4] When Debtor filed his voluntary petition, he claimed the Property exempt as his homestead under § 522(b) and Kan. Stat. Ann. § 60-2301. No one objected. Debtor and his wife acquired the Property in 1997 in co-tenancy with another couple. They bought out the other couple's interest in 1999 and owned the Property as joint tenants until November 20, 2001, when Debtor conveyed the cabin, all improvements, all furnishings, and all of his rights to a Lease Agreement with the City of Council Grove to his wife.[5]

---

[3] It is unclear when this Notice and Affidavit was filed with the Morris County District Court since a file-stamped copy of these documents was not provided to the Court. The certificate of service on the Notice indicates it was mailed on March 1, 2006. The Affidavit was notarized on March 6, 2006. Presumably, they were filed contemporaneously.

[4] From 1975 to late 2003/early 2004, Debtor resided at 126 South Mission, Council Grove, Kansas.

[5] This was shortly after the default judgment was taken against Debtor in Florida.

3

Debtor was granted a discharge on January 15, 2008.

**III.    Analysis**

Section 522(f)(1)(A) provides--

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);
* * *

To prevail on a motion to avoid a judicial lien under § 522(f)(1)(A), the debtor must demonstrate first that the lien in question is a judicial lien, second that the lien is fixed against an interest of the debtor in property, and third that the lien impairs an exemption to which the debtor would otherwise be entitled.[6]

To the extent Huyghe has a lien, it arises from the Florida judgment that Huyghe attempted to enforce in Kansas. A foreign judgment may be enforced in Kansas in two ways. The judgment creditor may either bring an action to enforce the foreign judgment in the district court or he may register the foreign judgment by complying with the Uniform Enforcement of Foreign Judgments Act enacted in Kan. Stat. Ann. § 60-3001, *et seq.* (the "UEFJA").[7] If a foreign judgment is properly recorded or registered, it becomes a lien against the judgment debtor's real property situated in the county in which it was recorded or registered as though the judgment had been rendered by a district court of this state.[8] A foreign judgment registered in accordance with the UEFJA is considered a

---

[6] *McCart v. Jordana (In re Jordana),* 232 B.R. 469, 473 (10th Cir.BAP 1999).

[7] *Alexander Const. Co. v. Weaver,* 3 Kan. App.2d 298, 301, 594 P.2d 548 (1979).

[8] *See* Kan. Stat. Ann.§ 60-3002 (judgment filed under UEFJA has same effect and subject to same procedures as judgment rendered in Kansas and may be enforced or satisfied in

4

Kansas judgment as of the date of the Kansas filing.[9]

Huyghe's 2001 registration of the Florida judgment is open to challenge because it was not filed by a Kansas lawyer nor was it accompanied by an affidavit as Kan. Stat. Ann. §§ 60-3002 and 60-3003 require.[10] Huyghe's 2006 registration of the Florida judgment, on the other hand, appears to conform with the requirements of the UEFJA statute and, to the extent that Debtor owned, leased, or otherwise claimed some non-homestead interest in real estate on the registration date, the Florida judgment attached a judgment lien to that property by operation of Kan. Stat. Ann. § 60-2202. The earliest that lien could have been effective would have been March 6, 2006.[11] Debtor conveyed his interest in the Property to his wife in 2001. Thus, no judgment lien can have attached to the Property by virtue of the Florida judgment because Debtor did not retain an interest in it when the lien became effective in 2006. "A judgment lien attaches merely to the interest of the judgment debtor in real estate and nothing more."[12]

Whether Huyghe relies upon the 2001 registration or the 2006 registration of the Florida

---

like manner) and Kan. Stat. Ann. § 60-2202(a).

[9] *Alexander Const. Co.*, 3 Kan. App.2d at 301, Syllabus ¶ 2.

[10] The Court need not determine for the purpose of this ruling whether the 2001 registration was valid.

[11] *See* note 3, *supra.* The Court notes that had the Florida Judgment been entered in a Kansas court on June 26, 2001, and had no writ of execution issued or renewal affidavit filed within five years, it would gone dormant on June 25, 2006 per Kan. Stat. Ann. § 60-2403(a). The Kansas court of appeals has held that the dormancy provision applies to judgments entered by foreign courts, *see Alexander Const. Co.*, 3 Kan. App. 2d at 302. There is nothing in the record before the Court to suggest when the creditor's enforcement proceedings in the 2006 case commenced and the Court can therefore reach no conclusions concerning the dormancy of the Florida Judgment. For present purposes, the Court assumes without deciding that the judgment is not dormant.

[12] *Smith v. Savage*, 3 Kan. App. 553, 43 Pac. 847 (1896).

5

judgment, in Kansas, a judgment lien cannot attach against a homestead unless the lien falls into one of four classes of encumbrances specifically excepted from the homestead exemption (*i.e.*, mortgages, taxes, support, or liens incurred with the consent of the debtor's spouse).[13] None of these exceptions apply here. Thus, even if Debtor retained some interest in the property he has claimed as a homestead, he would retain that interest free of any judgment lien. In short, Debtor cannot demonstrate here that the lien of the Florida judgment is fixed to an existing property interest of the debtor.

Finally, Debtor was required to establish that Huyghe's lien, if any, impaired his homestead exemption. Debtor relies heavily on the authority of *Redmond v. Kester*, a Kansas Supreme Court case that held that Kansas debtors "may claim the homestead exemption based on any interest in real estate, whether legal or equitable, as long as the debtors have not abandoned their occupation or intent to occupy the real estate."[14] In short, the Kansas Supreme Court construes the word "owner" in Kan. Stat. Ann. § 60-2301 to apply to the holder of any interest in real property, whether or not that interest is in fee simple. Huyghe argues that in order to claim a homestead exemption in real property, a debtor must have more than a mere occupancy interest. This Court need not resolve that controversy, however, because it has already concluded that the debtor has failed to establish the fixing of a judicial lien on Debtor's claimed homestead interest, one of the elements necessary to support avoidance of a lien under § 522(f)(1)(A). Therefore, this Court makes no determination

---

[13] *Deutsche Bank Nat'l Trust Co. v. Rooney*, ___ Kan. App.2d ___, 2008 WL 2466566 (June 20, 2008). *See also Morris v. Ward*, 5 Kan. 239 (1869) (a judgment against the head of a family is not a lien on the homestead; a mortgage of the homestead by the husband, without the wife's signature, is wholly void.).

[14] 284 Kan. 509, 159 P.3d 1004, 1009 (2007).

concerning whether Huyghe's lien, if any, impairs the debtor's claimed homestead.[15] Similarly, this Court need not decide whether by failing to object to Debtor's claimed homestead exemption Huyghe has waived the right to oppose a motion to avoid his lien.[16]

IV. **CONCLUSION**

Debtor failed to establish that a judicial lien affixed to his homestead. If no lien attached, it cannot impair Debtor's exemption. Debtor's motion for relief under § 522(f)(1)(A) must be DENIED.

# # #

---

[15] *See In re Lewis*, 2007 WL 625723 (Bankr. D. Kan., February 22, 2007).

[16] There is a split among courts on whether a judicial lien creditor who fails to object to a debtor's claim of exemption in a timely fashion may raise the alleged invalidity of the exemption as a defense to a lien avoidance action. *See In re Morgan*, 149 B.R. 147 (9th Cir. BAP 1993) (collection of cases).